UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE GRANGER )
    Plaintiff, )
)
v. )    1:21-cv-11066
)
GARY E. NESBITT and )
POLARIS TRANSPORT )
CARRIERS, INC., )
    Defendants. )

## DEFENDANTS', GARY E. NESBITT AND POLARIS TRANSPORT CARRIERS, INC., NOTICE OF REMOVAL

**To the Judges of the United States District Court for the District of Massachusetts:**

    The Defendants, Gary E. Nesbitt and Polaris Transport Carriers, Inc., by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a) and 1441, hereby remove this action from the Worcester Division of the Superior Court Department of the Trial Court to the United States District Court for the District of Massachusetts and, in support of which, state as follows:

    (1)    The Plaintiff, Bruce Granger ("Plaintiff") purportedly served an action against Defendants Gary E. Nesbitt and Polaris Transport Carriers, Inc. on or about May 27, 2021, filed on December 28, 2020, entitled Bruce Granger v. Gary E. Nesbitt and Polaris Transport Carriers, Inc., C.A. No. 2085CV01409. A copy of the Summons and Complaint is attached hereto as Exhibit "A."

    (2)    In the Complaint, Plaintiff asserts a claim for common law negligence against Defendant Gary E. Nesbitt and common law negligence and "negligence of employee" against Defendant Polaris Transport Carriers, Inc., alleging that Plaintiff sustained physical injuries and damages when a vehicle operated by Defendant Nesbitt collided with a vehicle operated by the Plaintiff on January 17, 2018. Plaintiff is claiming physical injuries, some of which are alleged to be "permanent." On his Civil Action Cover Sheet, filed with the Superior Court, Plaintiff is alleging damages in the amount of $114,322.22. Thus, any award in favor of Plaintiff could

potentially exceed the jurisdictional threshold of $75,000, given the claims asserted by the Plaintiff in his Complaint.

(3) Defendant Gary E. Nesbitt, is an individual residing at 121 Whittaker Road – Box 55, Springfield, Ontario.

(4) Defendant Polaris Transport Carriers, Inc. is a Canadian corporation with a principal place of business located at 7099 Torbram Road, Mississauga, Ontario, Canada.

(5) The Court has jurisdiction in the above-captioned matter, pursuant to 28 U.S.C. § 1332(a)(2), in that the matter is between citizens of different states and the amount in controversy potentially exceeds the sum or value of $75,000.00 based upon the allegations of the Plaintiff. Therefore, this action may be removed to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332 and 1441.

(6) This Notice of Removal is being filed within thirty (30) days of Defendant being served with this lawsuit and Defendants have complied with all requirements of 28 U.S.C. § 1446.

WHEREFORE, Defendants Gary E. Nesbitt and Polaris Transport Carriers, Inc. respectfully request that the above action be removed from the Worcester Division of the Superior Court Department of the Trial Court.

                Defendants,
                Gary E. Nesbitt and
                Polaris Transport Carriers, Inc.,

                */s/ John A. Kiernan*
                John A. Kiernan, Esq. (BBO #271020)
                jkiernan@kiernantrebach.com
                Amy Magher, Esq. (BBO #664116)
                amagher@kiernantrebach.com
                Kiernan Trebach LLP
                40 Court Street, 3rd Floor
                Boston, Massachusetts 02108

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of June 2021, a copy of the foregoing was filed electronically and served by first class mail, postage prepaid on James A. Maniatis, Law Office of James A. Maniatis, 512 Main Street, Suite 10, Shrewsbury, Massachusetts 01545. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ John A. Kiernan
John A. Kiernan

# EXHIBIT A

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court:
Department of the Trial Court
of the Commonwealth
Civil Action

No. 2085 CV 01409

Bruce Granger

Plaintiff(s)

v.

Polaris Transport Carriers Inc.

Defendant(s)

**SUMMONS**

* To the above-named Defendant:

You are hereby summoned and required to serve upon Attorney R. Michael Brown, whose address is 77 Turnpike Rd, Southborough, MA 01772, plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Worcester, the .................... day of .................................................. in the year of our Lord two thousand and ....................

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT. You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office; Superior Court, Room 1008.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................
20............, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

..............................................................................................................................................
..............................................................................................................................................
..............................................................................................................................................
..............................................................................................................................................

Dated: ................................................, 20..................

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  , 20 |
|---|

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

..............Plaintiff

v.

..............Defendant

SUMMONS

(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2085 CV 1409A | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Bruce Granger<br>ADDRESS: 44 Walker Road<br>Ware, MA 01082 | | COUNTY: Worcester |
| | DEFENDANT(S): Gary E. Nesbitt<br>Polaris Transport Carriers, Inc. | |
| ATTORNEY: James A. Maniatis, Esquire<br>ADDRESS: 512 Main Street – Suite 10<br>Shrewsbury, MA 01545 | ADDRESS: Gary E. Nesbitt 121 Whitaker Road - Bx 65, Springfield, ON N0L2J0<br>Polaris: 7099 Torbram Road, Mississauga ON L4T1G7 | |
| BBO: 553083 | | |

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (see reverse side) | | |
|---|---|---|---|
| B03 | TYPE OF ACTION (specify)<br>Motor Vehicle Negligence/Personal Injury/Property Damage | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, §3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................ $ 2,770.86
2. Total doctor expenses .................................................................................. $ 7,257.51
3. Total chiropractic expenses ......................................................................... $ 6,495.00
4. Total physical therapy expenses .................................................................. $ 4003.85
5. Total other expenses (describe below) ........................................................ $ 3,300.00
   DIAGNOSTIC STUDIES
   Subtotal (A): $ 23,827.22
B. Documented lost wages and compensation to date ........................................ $ 85,495.00
C. Documented property damages to date ........................................................ $ 5,000.00
D. Reasonably anticipated future medical and hospital expenses ..................... $
E. Reasonably anticipated lost wages ................................................................ $
F. Other documented items of damages (describe below) ................................ $

FILED DEC 28 2020 ATTEST [signature] CLERK

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
The Plaintiff sustained post-traumatic cervical & lumbar injuries, resulting in radiating pain and discomfort into his left arm, and into the 4th and 5th digits of the left hand, cervical spine radiculopathy at C-5, and into right thigh. Right-sided sciatica, impingements, etc. Plaintiff was unable to work for 51 weeks.

TOTAL (A-F): $ 114,322.22

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X [signature]   Date: 12/21/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X [signature]   Date: 12/21/2020

275.                                                                                                    12/28

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT DEPARTMENT
                                                  OF THE TRIAL COURT
                                                  WORCESTER DIVISION
                                                  CIVIL ACTION NO. 2085CV1409 A

BRUCE GRANGER,                )
                              )
            Plaintiff         )
                              )
        v.                    )
                              )                   CIVIL COMPLAINT AND
GARY E. NESBITT and           )                   DEMAND FOR JURY TRIAL
POLARIS TRANSPORT             )
CARRIERS, INC,                )                   **FILED**
                              )
            Defendants        )                   DEC 28 2020
                              )
                                                  ATTEST  CLERK



### COUNT I
### (BRUCE GRANGER V. GARY E. NESBITT)
### (NEGLIGENCE)

1. The Plaintiff, Bruce Granger, is an individual residing at 44 Walker Road, Ware, Hampshire County, Massachusetts.

2. The Defendant, Gary E. Nesbitt, is an individual residing at 121 Whittaker Road – Bx 55, Springfield ON N0L2J0

3. On or about January 17, 2018, the Plaintiff, Bruce Granger, was the operator of a motor vehicle on Route 90 Eastbound, a/k/a The Massachusetts Turnpike, a public way in the Commonwealth of Massachusetts, and specifically, at or near mile marker 79 located in the Town of Charlton, Worcester County, Massachusetts.

4. On or about January 17, 2018, the Plaintiff, Bruce Granger, was operating said motor vehicle lawfully, properly and in the exercise of due care.

5. On or about January 17, 2018, the Defendant, Gary E. Nesbitt, was the operator of a motor vehicle on Route 90 Eastbound, a/k/a The Massachusetts

Turnpike, and specifically, at or near mile marker 79 located in the Town of Charlton, Worcester County, Massachusetts, a public way in the State of Massachusetts.

6. The Defendant, Gary E. Nesbitt, failed to yield, and negligently operated this motor vehicle, on Route 90 Eastbound, a/k/a The Massachusetts Turnpike, at or near mile marker 79, in the Town of Charlton, Worcester County, Massachusetts, a public way in the Commonwealth of Massachusetts, as to cause this vehicle to collide with the motor vehicle operated by the Plaintiff, Bruce Granger.

7. As a direct and proximate result of the negligence of the Defendant, Gary E. Nesbitt, the Plaintiff, Bruce Granger, suffered serious and permanent injuries, was and will be prevented from transacting his usual business, suffered great pain of body and mind, incurred expenses for medical attention and hospitalization far in excess of two thousand dollars ($2,000.00) and has sustained a financial loss both present and future.

WHEREFORE, the Plaintiff, Bruce Granger, demands judgment as against the Defendant, Gary E. Nesbitt, in the amount the finder of fact shall deem just for any and all damages sustained, present and future, plus costs and interest.

### COUNT II
### (BRUCE GRANGER V. GARY E. NESBITT)
### (NEGLIGENCE)

8. The Plaintiff, Bruce Granger, is an individual residing at 44 Walker Road, Ware, Hampshire County, Massachusetts.

9. The Defendant, Gary E. Nesbitt, is an individual residing at 121 Whittaker Road – Bx 55, Springfield ON N0L2J0

10. On or about January 17, 2018, the Plaintiff, Bruce Granger, was the operator of a motor vehicle on Route 90 Eastbound, a/k/a The Massachusetts Turnpike, a public way in the Commonwealth of Massachusetts, and specifically, at or near mile marker 79 located in the Town of Charlton, Worcester County, Massachusetts.

11. On or about January 17, 2018, the Plaintiff, Bruce Granger, was operating said motor vehicle lawfully, properly and in the exercise of due care.

12. On or about January 17, 2018, the Defendant, Gary E. Nesbitt, was the operator of a motor vehicle, owned by his employer, Polaris Transport Carriers, Inc., 7099 Torbram Road, Mississauga, Ontario, Canada.

13. The Defendant, Gary E. Nesbitt, so negligently operated said motor vehicle, while in the course of his employment, on Route 90 Eastbound, a/k/a The Massachusetts Turnpike, a public way in the Commonwealth of Massachusetts, and specifically, at or near mile marker 79 located in the Town of Charlton, Worcester County, Massachusetts, as to cause it to collide with the motor vehicle operated by the Plaintiff, Bruce Granger.

14. As a direct and proximate result of the negligence of the Defendant, Gary E. Nesbitt, as an agent, servant, and/or employee of Polaris Transport Carriers, Inc., the Plaintiff, Bruce Granger, suffered serious and permanent injuries, was and will be prevented from transacting his usual business, suffered great pain of body and mind, incurred expenses for medical attention and hospitalization far in excess of two thousand dollars ($2,000.00) and has sustained a financial loss both present and future.

WHEREFORE, the Plaintiff, Bruce Granger, demands judgment as against the Defendant, Gary E. Nesbitt, in the amount the finder of fact shall deem just for any and all damages sustained, present and future, plus costs and interest.

### COUNT III
### (BRUCE GRANGER V. POLARIS TRANSPORT CARRIERS, INC.)
### (NEGLIGENCE OF EMPLOYEE)

15. The Plaintiff, Bruce Granger, is an individual residing at 44 Walker Road, Ware, Hampshire County, Massachusetts.

16. The Defendant, Polaris Transport Carriers, Inc., is a corporation duly organized under the laws of Canada and has as its usual place of business at 7099 Torbram Road, Mississauga, Ontario, Canada.

17. The Defendant, Polaris Transport Carriers, Inc., has significant contacts with and within the Commonwealth of Massachusetts in that it transports goods through interstate commerce and through established shipping routes from Boston to Canada.

18. On or about January 17, 2018, the Plaintiff, Bruce Granger, was the operator of a motor vehicle on Route 90 Eastbound, a/k/a The Massachusetts Turnpike, a public way in the Commonwealth of Massachusetts, and specifically, at or near mile marker 79 located in the Town of Charlton, Worcester County, Massachusetts.

19. On or about January 17, 2018, the Plaintiff, Bruce Granger, was operating said motor vehicle lawfully, properly and in the exercise of due care.

20. On or about January 17, 2018, the Defendant, Polaris Transport Carriers, Inc., was the registered owner of a commercial vehicle, US DOT #687521 with a registration number of J5272B.

21. On or about January 17, 2018, Gary E. Nesbitt was an agent, employee, and/or servant of Polaris Transport Carriers, Inc.

22. On or about January 17, 2018, Gary E. Nesbitt, as an agent, employee, and/or servant of the Defendant, Polaris Transport Carriers, Inc., was operating a commercial vehicle, US DOT #687521 with a registration number of J5272B, in the course of his employment, when this vehicle struck the vehicle in which the Plaintiff, Bruce Granger, was operating.

22. On or about January 17, 2018, on Route 90 Eastbound, a/k/a the Massachusetts Turnpike, a public way in the Commonwealth of Massachusetts, and specifically, at or near mile marker 79 located in the Town of Charlton, Worcester County, Massachusetts, a motor vehicle owned and registered to the Defendant, Polaris Transport Carriers, Inc., and negligently operated by its agent, servant, and/or employee, Gary E. Nesbitt, who was then and there acting within the scope of his employment, came into violent contact with the vehicle operated by the Plaintiff, Bruce Granger.

23. As a direct and proximate result of the negligence of the Defendant, Polaris Transport Carriers, Inc., and its agent, servant, and/or employee, the Plaintiff, Bruce Granger, suffered serious and permanent injuries, was and will be prevented from transacting his usual business, suffered great pain of body and mind, incurred expenses for medical attention and hospitalization far in excess of two thousand dollars ($2,000.00) and has sustained a financial loss both present and future.

WHEREFORE, the Plaintiff, Bruce Granger, demands judgment as against the Defendant, Polaris Transport Carriers, Inc., in the amount the finder of fact shall deem just for any and all damages sustained, present and future, plus costs and interest.

THE PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL COUNTS

James A. Maniatis
Law Office of James A. Maniatis
Attorney for the Plaintiff
512 Main Street – Suite 10
Shrewsbury, MA. 01545
Tel. (508) 719-0050
Fax (508) 719-0051
Email: maniatislaw@me.com
BBO#: 553083

Dated: December 21, 2020